UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KELVIN HOWELL,

                Plaintiff,

      v.

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTION,

                Defendants.

-----------------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT AND JURY
DEMAND**

Plaintiff Kelvin Howell ("Plaintiff" or "Howell"), upon personal knowledge and information and belief, alleges as follows:

## I.    <u>NATURE OF THE ACTION</u>

1.    Plaintiff, a former employee of Defendants the City of New York and New York City Department of Collection (collectively, "Defendants"), brings this action seeking damages and other appropriate relief for their claims of unlawful discrimination, based on Howell's gender, gender identity and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, §§ 290 *et seq.* ("State HRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-101 *et seq.* ("City HRL").

## II.    <u>JURISDICTION AND VENUE</u>

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action involves federal questions.

3.      This Court has supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as Defendant City of New York resides in this judicial district.

## III.    PARTIES

5.      Plaintiff Kelvin Howell is a resident of New York, New York.

6.      Defendant City of New York ("City") is a municipality comprising of five (5) boroughs in New York.

7.      The City operates the New York City Department of Correction ("Department"), a government agency responsible for the custody, control, and care of the City's imprisoned population. The Department manages eleven (11) inmate facilities and employs more than five thousand (5,000) employees throughout New York City.

8.      Defendants are "employers" as defined in the applicable federal, New York State and New York City statutory provisions.

9.      Plaintiff is an "employee" as defined in the applicable federal, New York State and New York City statutory provisions.

## IV.    STATEMENT OF FACTS

### A.  Defendants Fostered an Environment of Male Toxicity and Transphobia

10.     Howell identifies as a gender nonconforming individual of transgender experience who uses "they/them" pronouns.

11.     In June of 2021, Howell began working for Defendants as a Civil Service Community Coordinator. Specifically, Howell was hired as an LGBTQ+ Services Coordinator to

work at Defendants' facility located on Rikers Island.

12.     Shortly after Howell's employment began, they began experiencing discrimination, which continued until the end of their employment.

13.     Howell's six-months with the Defendants were filled with male toxicity and an atmosphere that favored straight men over other employees.

14.     For example, in the summer of 2021, an inmate pulled their genitals out to Howell, and loudly shouted, "fuck you faggot." Howell disclosed this incident to their area supervisor and disclosed that they felt unsafe. Defendants brushed Howell's complaint off, telling them simply that the individual was known to act inappropriately. Defendants failed to remedy the situation and allowed the inappropriate conduct to continue.

15.     In September of 2021, Howell was in the GRVC building and needed to utilize office space to access Defendants' terminals. Howell introduced themselves as the LGBT Coordinator and explained the work they needed to do and why they needed the office space for the day. Howell was initially refused office space until Howell went to an openly gay captain who permitted Howell to use his office that day. Howell was frustrated with the difficulties in obtaining permission to use offices that similarly situated non-homosexual or non-transgender employees did not have difficulty accessing.

16.     Later that year, in or around November of 2021, Howell was assisting a transgender female inmate. Defendants' employee and supervisor, Diatiena Daneis, attempted to block Howell from providing services to this individual. Howell explained that it was their job to provide services to this individual, but Ms. Daneis replied, "I'm tired of dealing with this gay shit." Howell reported this incident to their supervisor, Elizabeth Munsky.

17.     Again, Defendants failed to take Howell's complaints seriously and failed to

reprimand Ms. Daneis. Even after Howell's complaint, Ms. Daneis a second time said, "fuck this gay shit," when Howell attempted to enter the facility and explained their role in providing LGBT services to inmates.

18.     Despite Howell openly identifying as transgender, Defendants made little to no attempt to learn Howell's pronouns.

19.     Further, Defendants' employee "Patricia" attempted to block Howell from entering the work facility when they did not identify as male or female when going through the metal detector. Patricia gave Howell an attitude and repeatedly said "whatever sir," despite Howell's polite request to not be called "sir." Howell expressed the urgency of entering the facility to assist with the emergency suicide attempt of an LGBT inmate. Howell observed other employees set off the detector and they were still permitted to enter the facility before Howell. Howell's admittance was denied until a captain got involved. This incident caused Howell significant distress and was promptly reported to supervisors.

20.     If Howell dressed in a feminine manner, Defendants' employees often laughed, commented and belittled their attire, questioning "what the fuck" Howell chose to wear.

**B.  Retaliatory Termination**

21.     On several occasions, Howell complained to their supervisors, including Elizabeth Munsky and Sheehan Maureen, about the hostile work environment. Howell specifically mentioned most of the above-described incidents and the belief that they were being discriminated against in the workplace.

22.     In early to mid-December of 2021, Howell attempted to speak to their supervisors again about the ongoing discrimination. This time, Howell's supervisors directed Howell to speak to EEO.

23.     On December 16, 2021, Howell went to EEO for an interview and detailed their ongoing concerns of discrimination.

24.     Just two days later, on December 18, 2021, Howell was terminated.

**C.  Administrative Remedies**

25.     On December 29, 2021, Howell filed a Notice of Claim against Defendants.

26.     On December 29, 2021, Howell also submitted a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC").

27.     On June 24, 2022, Howell received a Notice of Right to Sue from the EEOC.

28.     This Complaint is filed within 90 days of receipt of the notice.

**COUNT I**
**VIOLATION OF TITLE VII, 42 U.S.C. §§ 2000e, *et seq.***

29.     Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

30.     Defendants, employers within the meaning of Title VII, discriminated against Plaintiff by treating them differently from and less preferably than, similarly situated non-transgender employees.

31.     Defendants, employers within the meaning of Title VII, discriminated against Plaintiff by treating them differently from and less preferably than, similarly situated non-gay employees.

32.     Defendants' policies, practices and procedures have led to a disparate impact on Plaintiff with respect to the terms and conditions of their employment.

33.     By the actions described above, Defendants have violated Title VII.

34.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff

has suffered and continues to suffer harm for which they are entitled to an award of monetary

damages and other relief.

35.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless

and conducted in callous disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

36.     Under 42 U.S.C. § 2000e-5(k), Plaintiff is also entitled to reasonable costs and

attorneys' fees.

### COUNT II
### VIOLATION OF THE STATE HRL
**(As Against All Defendants)**

37.     Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth

herein.

38.     Defendants are "employers" as defined by the State HRL.

39.     Plaintiff is an "employee" as defined by the State HRL.

40.     The aforementioned acts of Defendants constitute unlawful discrimination against

Plaintiff, under the State HRL in violation of Article 15, § 290 *et. seq.* of the New York State

Executive Laws and specifically § 296 thereof, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer…because of an
> individual's…sexual orientation…sex…to refuse to hire or employ or to bar or to
> discharge from employment such person or to discriminate against such person in
> compensation or in terms, conditions or privileges of employment.

41.     Upon information and belief, similarly situated non-transgender or non-gay

employees, were treated more favorably than Plaintiff. Said adverse treatment of Plaintiff was

based upon their gender, gender identity and sexual orientation, rather than any non-

discriminatory reason.

42.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff

6

has suffered and continues to suffer harm for which they are entitled to an award of monetary

damages and other relief.

43.　　As a result of Defendants' violations of the foregoing statutory laws, it is liable to

Plaintiff pursuant to State HRL § 297(9).

## COUNT III
## VIOLATION OF THE CITY HRL
### (As Against All Defendants)

44.　　Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth

herein.

45.　　Defendants are "employers" as defined in the City HRL.

46.　　Plaintiff is an "employee" as defined by the City HRL.

47.　　The aforementioned acts of Defendants constitute unlawful discrimination against

Plaintiff in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, §

8-107 under the City HRL, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee
> or agent thereof, because of the actual or perceived…gender…sexual orientation…of
> any person, to refuse to hire or employ or to bar or to discharge from employment
> such person or to discriminate against such person in compensation or in terms,
> conditions or privileges of employment.

48.　　As set forth above, Defendants, by its conduct, discriminated against Plaintiff and

forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions

and privileges of their employment.

49.　　As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff

has suffered and continues to suffer harm for which they are entitled to an award of monetary

damages and other relief.

50.　　As a result of Defendants' violations of the foregoing statutory laws, it is liable to

Plaintiff pursuant to the City HRL § 8-502 for damages and such other remedies as may be deemed just and appropriate.

**COUNT IV**
**RETALIATION IN VIOLATION OF**
**NEW YORK STATE HUMAN RIGHTS LAWS § 296**

51.        Plaintiff hereby repeats and realleges all allegations as if fully set forth herein.

52.        Defendants are "employers" as defined in the State HRL.

53.        Plaintiff is an "employee" as defined in the State HRL.

54.        Defendants, by reason of the foregoing occurrences, and by their behavior, actions and conduct, retaliated against Plaintiff after they made complaints regarding Defendants' discriminatory actions and were terminated shortly thereafter.

55.        The aforementioned acts of Defendants constitute unlawful retaliation under the State HRL in response to Plaintiff's multiple internal complaints against Defendants, and particularly Howell's EEO complaint, concerning Defendants' discriminatory treatment and subsequent retaliation in violation of Article 15, § 290, *et. seq.*, of New York State Executive Laws, and specifically § 296 thereof.

56.        Defendants, by its conduct, retaliated against Plaintiff and forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions, and privileges of their employment in violation of Article 15, § 290, *et. seq.*, of New York State Executive Laws, and specifically § 296 thereof.

57.        Defendants' retaliatory acts and conduct were willful, and/or intentional, and/or malicious, and/or reckless, and/or known to Defendants, and were designed and intended to cause and create an oppressive, hostile, and harassing work environment in complete reckless disregard for the rights of Plaintiff.

58.     As a direct and proximate result of Defendants' unlawful and persistent pattern of retaliation against Plaintiff, Defendants are liable to Plaintiff pursuant to State HRL Article 15, § 297(9), for the physical, psychological, emotional, and financial harm they caused Plaintiff to suffer and of which they continue to suffer, in addition to any other such remedies that may be deemed just and appropriate.

**COUNT V**
**RETALIATION IN VIOLATION OF**
**NEW YORK CITY HUMAN RIGHTS LAWS § 8-107**

59.     Plaintiff hereby repeats and realleges all allegations as if fully set forth herein.

60.     Defendants are "employers" as defined in the City HRL.

61.     Plaintiff is an "employee" as defined in the City HRL.

62.     Defendants, by reason of the foregoing occurrences, and by its behavior, actions and conduct, retaliated against Plaintiff after they made complaints regarding Defendants' discriminatory actions, including but not limited to Defendants' EEO and were terminated shortly thereafter.

63.     The aforementioned acts of Defendants' constitute unlawful retaliation under the City HRL in response to Plaintiff's repeated complaints concerning Defendants' discriminatory treatment based on Howell's gender, gender identity, and sexual orientation.

64.     Defendants', by their conduct, retaliated against Plaintiff and forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions, and privileges of their employment in violation of Title § 8, *et. seq.*, of the New York City Administrative Code, and specifically § 8-107 thereof.

65.     Defendants' retaliatory acts and conduct were willful, and/or intentional, and/or malicious, and/or reckless, and/or known to Defendant, and were designed and intended to cause

and create an oppressive, hostile, and harassing work environment in complete reckless disregard for the rights of Plaintiff.

66.      As a direct and proximate result of Defendants' unlawful and persistent pattern of retaliation against Plaintiff, Defendants are liable to Plaintiff pursuant to City HRL Title § 8, § 8-120, for the physical, psychological, emotional, and financial harm Defendants caused Plaintiff to suffer and of which they continue to suffer, in addition to any other such remedies that may be deemed just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as of right by jury.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

   a.   Compensatory damages in an amount to be determined by a jury sufficient to compensate Plaintiff for all pain and suffering, humiliation, emotional distress, stress and mental anguish;

   b.   Economic damages in the form of back pay and compensation for lost benefits, plus pre judgment interest;

   c.   Damages in the form of front pay or reinstatement, plus pre judgment interest;

   d.   An award of punitive damages sufficient to deter Defendants from engaging in future unlawful conduct;

   e.   Reasonable costs and attorney's fees; and

   f.   Any such further relief as this Court deems just and proper.

Dated: New York, New York
          August 25, 2022

                                        Respectfully submitted,

                                        By: *Brittany Weiner*
                                        Brittany Weiner, Esq.
                                        Imbesi Law Group P.C.

1501 Broadway, 12th Floor
New York, NY 10036
Tel: (646) 767-2271
Fax: (212) 658-9177
Email: brittany@lawicm.com